DUNCKLE *vs.* WILES.

One who derives title to land from another, through mesne conveyances, is entitled to the benefit of an estoppel created by a judgment in favor of such predecessor in his title, as effectually as though he had himself been a party to such judgment.

A judgment for the plaintiff in trespass *quare clausum fregit* in which the defendant had pleaded *liberum tenementum* estops the defendant from setting up title to the land actually in dispute in such suit against the plaintiff therein and his privies in estate.

But where in the action of trespass the plaintiff describes a certain close which he alleges the defendant broke and entered, the estoppel does not affect the title to the whole close, though the defendant had pleaded title generally and it had been found against him; but only to the part in which the trespass was committed.

And where the close described, consisted of one hundred acres of land, and upon a plea of title the verdict and judgment were for the plaintiff, *held* that the defendant was not concluded by the estoppel as to any portion of the land, until it was first shown where the trespass for which the suit was brought was committed.

EJECTMENT, tried at the Montgomery circuit, in May, 1845 before WILLARD, Cir. J.

The declaration was for about seven acres of land described

Dunckle *v.* Wiles.

by metes and bounds, being part of lot number ten, in a patent granted to P. Livingston and others.

The plaintiff gave evidence tending to show title in himself to the whole of lot number ten in 1830, and proved that in the fall of 1843 the defendant was in possession of the seven acres in question.

The defendant gave in evidence, 1. A deed from Samuel Jackson and wife to Philip Roof, dated July 30th, 1835, for a piece of land described as lots No. 4 and 5, in the third mile or tier of lots in a division of large lot number six in the Van Horne or Alexander patent, containing eighty-four acres of land, which was described in the conveyance by metes and bounds. 2. A deed from Roof and his wife to the defendant, dated November 1, 1843, for fifty-eight and a half acres of land, parts of the above mentioned lots 4 and 5, in the division of said large lot No. six, which was likewise described by metes and bounds. 3. The record of a judgment in the supreme court, rendered of January term, 1834, in a suit commenced in 1833, in favor of Samuel Jackson above mentioned, and against the present plaintiff, for damages and costs. The action was trespass for breaking and entering a close, particularly described in the first count, being part of lots Nos. 4 and 5 in said Van Horne's patent, containing one hundred and five acres. There were two other counts for the breach of other closes, but which were not particularly described. The defendant in that action pleaded that the three closes were one and the same, and that the said close was the close, soil and freehold of the defendant. Replication, that it was not, nor was any part thereof the close, &c. of the defendant. The verdict was that the close was not, nor was any part thereof, the close, soil and freehold of the defendant; and damages were assessed at six cents. Judgment therefor with costs.

After giving this documentary evidence, the defendant in this suit called a witness who was a surveyor, and who testified that the premises described in the declaration in the action of trespass included the premises for which the present action of eject- ment was brought. The judge held that the judgment so given

in evidence was a conclusive bar to this action, and directed the jury to find a verdict for the defendant, which they accord. ingly did. The plaintiff's counsel excepted.

*H. Adams & N. Hill, Jr.* for the plaintiff, moved for a new trial on a bill of exceptions. 1. There could not have been such identity in the lands claimed in this suit with those described in the declaration in the trespass suit, as was attempted to be proved. The lands claimed are in Livingston's patent, but the trespass suit related to lands in Van Horne's patent. 2. But if the seven acres now in controversy were included in the large lot described in the declaration in the former suit, still the judge was in error in pronouncing the former judgment a bar to this suit. The verdict did not necessarily find that the plaintiff (Jackson) had title to all the land described in his declaration, but only that he owned the part on which the trespass was committed; and it was not shown what part that was. (*Rich* v. *Rich*, 16 *Wend.* 663, 671 ; *King* v. *Dunn*, 21 *id.* 253.) A record only concludes as to the facts necessary to uphold it. The rule is that you cannot allege any thing inconsistent with the truth of the record, but any thing which admits the verdict and judgment to be right may be alleged notwithstanding the record. (*Cowen & Hill's Notes,* 845, 847; *Lawrence* v. *Hunt,* 10 *Wend.* 80.) What then does this record prove? The pleadings admit that the defendant had committed a trespass in some part of the close described in the plaintiff's declaration in that suit, and that the part so trespassed upon was not the freehold of the defendant, who is the plaintiff here. To apply the record to any part of that close, evidence must be given to show what part was in question, and when that is shown the judgment is conclusive as to the title to that part between the parties and their privies in estate. Estoppels must be mutual, and if the defendant in the trespass suit had obtained a verdict and judgment, he would upon the doctrine held at the circuit have had title by estoppel to the whole one hundred and five acres, though the real controversy may have been about a certain square rod.

Dunckle *v.* Wiles.

*J. A. Spencer*, for the defendant. The former judgment was a conclusive estoppel against the present plaintiff, and the judge was right in so holding. (10 *Wend.* 80; 1 *Cowen*, 208; 7 *id.* 328; 12 *Wend.* 504; 5 *Hill*, 408; 5 *Conn.* 550; 10 *Pick.* 166.)

*By the Court*, BEARDSLEY, Ch. J.   There was proof tend· ing to show that the close, described in the record given in evidence as the one on which the alleged trespasses were committed, embraced the seven acres for which this action was brought, and the cause was disposed of at the circuit, on the supposition that such was the fact.   It might seem at first blush, that this could not be a correct conclusion, the seven acres being described as part of the land for which the Livingston patent was issued, while the close, mentioned in the record, is alleged to lie within the limits of the Van Horne patent.   This apparent incongruity may not, however, be decisive of the question, for enough may remain in the description of each of said parcels of land, after rejecting the reference made to the patent, to locate the particular piece intended by the pleader; or it may be that both of the patents referred to, cover, to, some extent, the same tract of land.   In either event it may be strictly true, that the land for which the present action was brought, constitutes part of said close described in the record.   At all events, the case having been disposed of at the circuit, upon a point of law, which could only arise by establishing, to the extent of the parcel now in suit, the identity of the two pieces, we must necessarily, in reviewing that proposition, assume that such identity was fully shown.   We must also assume, what seems hardly to have been proved, but to have been taken for granted, that, although a formal title to the entire close described in the record as that on which the trespasses were committed, had not been derived from Jackson by the defendant, he still had such a title to a part of said close which embraced the seven acres now in suit.   Taking such to be the fact, it must follow that the proceedings and judgment proved by the record, were of the same force in favor of the defendant in this suit, that they

would have been if he had been plaintiff in that action instead of Jackson. The defendant stood in legal privity with Jackson, and, if the record would have been conclusive on the title between the latter and the plaintiff in this action, it was equally. so in favor of the present defendant. To simplify the inquiry let us assume that the defendant had proved precisely such a judgment in his favor, as plaintiff, as was proved to have been rendered in favor of Jackson. This would present the question whether the proceedings and judgment, in such an action as has been supposed, would be. conclusive, as to each and every part of the close described in the record of said judgment, on the question of title when it might arise between the same parties: and this is the precise point to be determined.

That such proceedings and judgment would create an estoppel on the question of title to the entire close described in the declaration and covered by the plea, if title to that extent was shown to have been in controversy on the trial of that cause, may be conceded. But in the present case, no evidence out of the record was gone into, to show whether the whole, or a part only, of said close, was in question on the trial of the former action. That point, if material, as it certainly is, must be determined upon what appears in the record, for no light from without is furnished on the subject.

If a close is to be regarded, like a horse or an ox, as entire and indivisible, it will follow that a verdict and judgment on the question of title to such close, must, necessarily, be conclusive as to all the land of which it is constituted. Assuming the correctness of this principle, a plaintiff, in an action of trespass *quare clausum fregit*, the close being described in the declaration, and *liberum tenementum* pleaded thereto, can only recover by proving a trespass co-extensive, territorially, with the close as described. This, however, upon what has been taken for granted, would create no difficulty, for the prin ciple assumed is, that a close is one and indivisible, so that a trespass on any one part of it is, necessarily, a trespass on the whole. But such is not the rule of law on this point. In trespass *quare clausum fregit*, the plaintiff may recover on proof

of a trespass done to a part only of the close described in the declaration, although he has no right, whatever, to the residue of it; and the plea of *liberum tenementum* will be sustained by showing that the defendant had title to the place where the alleged trespass was committed, although such place was but a part of the entire close to which the plea, in terms, had reference. This principle is entirely settled. The case of *King* v. *Dunn*, (21 *Wend.* 253,) was an action of trespass *quare clausum fregit.* The declaration contained two counts, in the first of which, and the only one necessary to be noticed, the boundaries of the close were set out so as to locate and identify it. To this *liberum tenementum* was pleaded and issue joined thereon. On the trial of the cause before the common pleas of Washington county, it appeared that the plaintiff was not owner of the whole of said close, although he had title to that part of it on which the supposed trespass was committed. The court held that the plaintiff could not recover on " the first count because it misdescribed the close," and he was thereupon nonsuited. The case was brought into this court by writ of error, and on the point just stated, Bronson, J., who delivered the opinion of the court, said : " the plaintiff was, I think, entitled to a verdict on the first count, notwithstanding the fact that a small part of the close described in the count was not owned by him, but by a stranger. The court below erred in treating this as a question of variance. There was just such a close or parcel of land as the declaration described ; and the true question on the pleadings was whether the plaintiff was bound to prove title to *every part* of the close. It was enough that he showed title to that part of the close in which the trespass was committed. And so too of the defendant, although he pleaded that the whole close was his soil and freehold, he would have been entitled to a verdict on showing that he owned the part where the trespass was committed." These views are fully sustained by the cases there referred to. (*Rich* v. *Rich*, 16 *Wend.* 663 ; *Stevens* v. *Whistler*, 11 *East*, 51 ; *Tapley* v. *Wainright*, 5 *B. & Adol.* 395.) It must then follow that, as the plaintiff in the action of trespass, of which evi

dence was given in this case, might have recovered, without showing an injury co-extensive with the whole close described in his declaration; and the defendant in that action, might have maintained his plea by proving title to that part of the close on which the supposed trespass was committed, the right and title to the entire close could not, necessarily, have been in question on the trial of said cause. We cannot, therefore, say that this record is, of itself, a conclusive bar to the present action, for it does not import that title to the whole of said close was in question on the trial of the cause. The verdict and judgment were, undoubtedly, conclusive on every thing necessarily involved in the issue, or which, falling within its limits, came directly in question on the trial. But title to the entire close was not, as we have seen, necessarily in question, and no extrinsic evidence was given to show that title to the seven acres for which the present action was brought, were, in fact, in question on the trial of the action of trespass. The injury there complained of may have been done to another and distinct part of the close, and to which part alone, the defendant's plea may have had reference. On what appears in this record, and there is no other evidence on the point, we think it cannot be said that the title to these seven acres was necessarily determined by the proceedings and judgment proved by the record. In order to make the record an estoppel on the question of title to these seven acres, it must be shown by extrinsic evidence, that the title to said seven acres was directly in controversy on the trial of the action of trespass. If such evidence had been given, then, undoubtedly, the record would have been a bar. But without such extrinsic evidence the record cannot be held conclusive as to any particular part or portion of the close therein described. To this effect is the opinion of the court of king's bench, in the case of *Bassett* v. *Mitchell*, (2 B. & Adol. 99.) Lord Tenterden, C. J. there puts precisely such a case as is now before us. He said : " If the plaintiff was not bound to carry his proof of trespasses to every part of the close mentioned in the declaration, the defendant was not bound to support his justification as to all parts   It is said that the re-

Dunckle *v.* Wiles.

cord, under these circumstances, will not be decisive evidence in a future action, *nor will it as to the whole land in question,* but either side may show by evidence what part it was that was affected by the result of this cause." Littledale, J. said, in the same case, " the record would be evidence of a former decision as to part of the place in dispute, and it must be shown by proof which part that was."

Unless we hold, which we clearly cannot, that a close is in its nature and legal essence, entire and indivisible, I see no way in which the decision at the circuit can be upheld. The record settles nothing as to the identity of the particular piece of land in question on the trial of the action of trespass. It may have been the seven acres for which this action of ejectment was brought; and it may have been a totally distinct parcel of the close. The question here is precisely such as would arise on the record of a recovery in assumpsit, on general counts for goods sold or money had and received, in which case the record could only be made conclusive as an estoppel, by showing the particular goods or money, brought in question on the trial of the cause. Had the defendant in the present case given evidence to show that the jury passed on the question of title to these seven acres of land, on the trial of the action of trespass, their verdict, right or wrong, would have been conclusive between parties and privies, while it remained in force, and this on the plain principle that a man shall not be twice vexed for one and the same cause, *nemo debet bis vexari pro una at eadem causa.* (*Broom's Legal Max.* 135.) There should be a new trial.

Ordered accordingly.