[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 422 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 423 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 424 
When this case was before the supreme court, (5 Denio, 296,) it appeared that the judge before whom the trial had been had, upon proof by the defendant of the record in the trespass suit, coupled with proof that the premises described in the declaration in that record included the premises claimed by the plaintiff in this suit, ruled that the judgment was a conclusive bar to the action. The court granted a new trial, being of opinion that it did not appear from the record that the title to the seven acres came necessarily in question in the trespass suit. The new trial resulted in favor of the plaintiff, but in the course of the trial the judge was requested by the defendant to charge the jury, that if they believed from the testimony that the trespasses *Page 425 
for which Jackson prosecuted Dunckel were upon the seven acres in dispute in this suit, then that judgment was a bar. This request was refused. The case then came before the present supreme court, and a new trial was again granted; (6 Barb. 515;) opinions were given by two of the judges; Hand, J., holding that the record wasprima facie evidence that the title to these premises was in controversy in the trespass suit, after proof aliunde that the premises described in the declaration in that suit included these premises, and also affirming that upon proof that this parcel was the land for trespass upon which that suit was brought and recovery had, the record would be conclusive. Willard, J., rests his opinion upon the latter of these grounds. A new trial was accordingly had, and the bill of exceptions there taken is now before us.
Upon the pleadings in the trespass suit, the substance of the issue was upon the title to the place where the trespasses were committed. The plaintiff was at liberty to prove a trespass any where within the bounds of the close described in the declaration, and the defendant, if unable to make out a title in that place, would fail, although he proved title to every other part of the premises described. This position was examined upon the authorities in the case in 5 Denio, 296, and is not denied in 6 Barbour, before cited, and is beyond question. (Rich v.Rich, 16 Wend. 663; King v. Dunn, 21 Id. 253; Bassett
v. Mitchell, 2 B. Ad. 99; Smith v. Royston, 8 M. W. 381.)
The actual verdict is in accordance with this view. It is not general, that no part of the close described in the declaration is the close, soil and freehold of the defendant, but is limited to the place where the trespass was committed, by its express terms. Upon this record, looking at it with these views of the rights of the parties upon the trial, I do not see how it is possible to say that the title to any particular part of the premises described in the declaration came in question. All we can see upon its face is, that whatever part of the premises was brought into question, upon the trial, was found to be not the property of Dunckel. Looking at the record alone, it is not even possible to say that *Page 426 
the premises described in it include any part of the lands for which this ejectment is brought. Upon its face it is possible, in legal contemplation, to see that the title to the premises claimed in this suit may have come in question. And when it was shown aliunde upon the trial that the premises described in the declaration in the trespass suit did, upon the ground, include those for which this suit was brought, all that was thus established was what was apparently true upon the face of the record, that the title to these seven acres may have come in question. It is not upon a possibility or probability, however strong, that an estoppel can rest. The matter of the estoppel must actually have come in question and been determined. The burthen of showing that it did come in question, must fall upon the party who seeks the benefit of the estoppel; for it is a part and a necessary part of his case.
This doctrine does not trench upon that which was said by the court in Seddon v. Tutop, (6 T.R. 607,) Bagot v.Williams, (3 B. C. 235,) and Phillips v. Berick, (16John. 136.) In each of those cases the defense was a former recovery for the same cause of action, and in each it was said, in substance, that if the cause of action in the former suit was apparently the same as in the second, the burthen was upon the plaintiff to show the contrary. Where a plaintiff seeks to recover that which he has apparently already recovered, or had an opportunity to recover, the burthen may well be upon him to show, as Lord Kenyon said in Seddon v. Tutop, beyond all controversy, that the second is a different cause of action from the first. In the case before us the record does not show an apparent identity of the close in which the trespass was committed and the premises sought to be recovered in this suit, for the record does not inform us where in the 105 acres included in it, the trespass was committed. See the remarks of Beardsley, J., in Dunkcel v. Wiles, (5 Denio, supra;) of Lord Tenterden, in Bassett v. Mitchell; of Alderson B. in Smith
v. Royston; of Bronson, J., in Young v. Rummel, (2 Hill,
481;) and Outram v. Morewood, (3 East, 354, 5.)
But if the court at the trial was right in holding that the *Page 427 
record was prima facie evidence against the plaintiff in this case that the title to these premises came in question on the trial of the trespass suit, the evidence subsequently given overthrew the presumption. It appeared that upon that trial no evidence was given on either side, and a verdict was directed for the plaintiff by the judge. That verdict was precisely such as the jury was bound to pronounce, in the absence of evidence. A technical trespass, somewhere within the close described in the declaration, was admitted by the plea; the burthen of making out title to the place in which, c., was on the defendant. In the absence of evidence, the verdict therefore was against the defendant upon his plea, and the plaintiff had his nominal damages assessed for the technical trespass, which was admitted upon the record. All this was strictly correct. (Rich v. Rich,supra.) All this is just as conclusive against the defendant in the trespass suit in respect to the recovery in that suit, as if the recovery had been had upon a hard litigation at the trial. But when the record comes to be used as an estoppel upon the question of title in this suit, and it is shown that the trespass was not located any where, all that it decides is, that the part of the 105 acres described in the declaration, upon which the technical trespasses are confessed to be done, was not the defendant's property. Neither party can affirm that the verdict related to any particular part of the property described, and it cannot therefore be available as an estoppel in respect to these seven acres of land. Unless this be so, the verdict is conclusive upon the title to the whole 105 acres. (Lawrence v. Hunt, 10Wend. 80; and Jackson v. Wood, 8 Wend. 9.)
At the close of the evidence the plaintiff asked, that the question of the location of the seven acres, and whether that location was within the terms of Jackson's deed to Roof and his declaration, should be submitted to the jury. In respect to this request, the first question is whether the exception is sufficiently definite to raise the point. On the part of the defendant, it is contended to come within the rule stated inJones v. Osgood, (2 Seld. 233.) We do not so regard it. The bill of exceptions *Page 428 
shows by express statement that each of the offers and requests was severally denied and overruled, and that the plaintiff severally excepted to each of those decisions. It is no objection to the statement that it is all contained in one sentence, so long as it shows distinctly, as this statement does, that each offer or request was separately made and ruled upon, and each ruling excepted to. Looking at the description of the lands in the declaration in the trespass suit, it will be observed that the west line of the Morris patent forms the starting point from which runs a line to the hemlock tree, the place of beginning; and that this line is the western boundary of the lands described in Jackson's declaration. Whether a line so run includes the whole of the premises sought to be recovered in this suit, or only a small portion on the east side, depends upon the question whether the west boundary of Morris' patent is to be located at the most westerly of the two disputed patent lines. If it is, then the seven acres were within the description in Jackson's declaration. If, on the other hand, the east line was the true line, then, at most, but a small part of the seven acres was included in the declaration in the trespass suit. Upon the question which of these lines was the true one, there was conflicting evidence, which should have been submitted to the jury.
There must be a new trial, costs to abide the event.