The plea of liberum tenementum only put in issue the title to that part of the close described in the declaration in the action for trespass quare clausum fregit, upon which the alleged wrongful act was committed. Neither party was called upon in that action to show title to the whole close described in the pleadings, but it was enough to show title to the part in which the trespass was committed. The allegation of title was divisible. The plea admitted a trespass somewhere in the close, but not in every part of it, and upon showing title to any part, it would have devolved upon the plaintiff to prove that the trespass, for which he claimed to recover, was committed in some other part of the close to which the defendant *Page 429 
had not title, and upon showing this, he would have entitled himself to recover. The law would have shifted the burthen of proof from one to the other party, by allowing the parties to apply their evidence according to the justice and equity of the case. (Rich v. Rich, 16 Wend. 663; Smith v. Royston, 8M. W. 381; Tapley v. Wainwright, 5 B. Ad. 395;Bassett v. Mitchell, 2 id. 99; King v. Dunn, 21 Wend. 253.)
The substance of the issue only was to be proved, and that was, whether the spot on which the alleged wrongful act was done, thelocus in quo, belonged to the one party or the other. Patterson, J., in Bassett v. Mitchell, says, "The description given in the declaration is merely for the purpose of identifying the close, which is the subject of the action. When the trespasses are stated, the words `in the said close' do not mean every part of the close, and the plea must be understood in an equally confined sense."
The defendant in this suit, seeking to show title in himself to the premises in dispute by means of the estoppel created by the recovery and judgment in the former action, was bound to show affirmatively that the title to those premises was passed upon by the court and jury in that action. Had it been apparently necessary to pass upon that question before the judgment could have been given, the record would have been prima facie
evidence for the defendant, and would have been conclusive as an estoppel against the plaintiff, unless evidence had been given on his part to contradict and overcome this presumption. But the issue upon the title relating only to the particular spot in which the trespass is proved to have been committed, without evidence of that location, the record cannot conclude either party; and the onus is upon him who seeks to avail himself of the judgment, when sufficient does not appear upon the face of the record, to show by proof aliunde that the title sought to be litigated in this action, was directly in controversy in the former. The declaration and plea being general and relating to the whole close set out by abuttals in the declaration, the only matter in controversy, or which could have been tried and decided, was the title *Page 430 
to the precise locus in quo of the trespass. The affirmative of this issue upon the trial of this action was with the defendant, who alleged title and sought to establish it by the former trial and judgment; and without reference to the general rule that estoppels are not favored in the law, and that a party alleging them can take nothing by intendment, argument or inference, which is well established, he was bound to give some evidence of title, by showing that the title to the premises in dispute had been adjudged to be in him or those under whom he claimed by a judgment binding upon the plaintiff as a party or privy. The circuit judge, after the defendant had put in evidence the record of judgment in the action of trespass, and given evidence tending to show that the premises claimed by the plaintiff in this action were included within the boundaries of the close described in the declaration in that action, ruled and decided that the judgment was prima facie evidence of title in Jackson, under whom the defendant derived his title to the whole lot, and that the burthen of proving that trespass on the seven acres in question, or that the title to the same, was not in controversy on the trial of that suit, or passed upon by the jury, lay upon the plaintiff.
The law says that the plaintiff in trespass quare clausumfregit can recover, upon showing title to any part of the close described in the declaration, if the act complained of was done upon that part; that the allegation of title is divisible, and the substance of the issue, no matter how comprehensive the claim may be, is as to the title to the precise spot in which the trespass was committed. It follows, then, that the title to the whole close was not actually or presumptively in issue. No legal presumption can exist, that the finding of the jury was beyond or more comprehensive than the issue, and certainly no presumption should be indulged in favor of an estoppel which is designed to conclude a party by excluding evidence of the truth. It was for the defendant to show, by evidence, in what part of the close the trespass was committed, and thus apply the issue and judgment to the premises now in controversy. Cowen, J., in Rich v. Rich,
speaking of the effect of a judgment in an action of trespass in *Page 431 
which a plea of liberum tenementum had been interposed, quotes Lord Tenterden in Bassett v. Mitchell, and says: "It is said that the record, under these circumstances, will not be decisive evidence in a future action; nor will it as to the whole land in question; but either party may show, by evidence, what part it was that was affected by the result of the cause;" and quotes with approbation the remarks of Littledale, J., in the same case, who says, "The record would be evidence of a former decision as to part of the place in dispute, and it must be shown by proof which part that was." If, as I think is clear upon principle and authority, the judgment is only evidence that the title to some part of the premises in dispute in the trespass suit is in the defendant, it was for him to locate that part by proof, and show that it embraced the premises in dispute in this action. The opinion of Beardsley, J., in this case reported, (5 Denio,
296,) is entirely satisfactory and conclusive upon this point. The subsequent judgment of the supreme court sitting in the fourth district, (6 Barb. 515,) is not in conflict with the opinion of the court before given, as it was placed by Judge Willard, with whom Paige, J., concurred, upon the ground that evidence had been given tending to show that the trespass for which the recovery had been suffered, was upon the premises now in dispute, and which should have been submitted to the jury. Willard, J., says, "I am not aware that any thing has been said hitherto which is in conflict with the decision of the supreme court, when they sent this cause down to a new trial." I think the learned judge at the circuit must have misapprehended the effect of the last decision, by assuming that it was in conflict with the former judgment in the case. The reasoning of Judge Hand does not appear to have been adopted by his associates. The judgment of the supreme court must be reversed and a new trial granted, costs to abide event.
DENIO, J., having been counsel in the case, and RUGGLES, J., not having heard the argument, took no part in the decision; all the other judges concurred in the foregoing opinions.
Judgment accordingly. *Page 432