*Benjamin N. Lapham & Andrew B. Patton*, for plaintiff.

*Samuel Currey & Albert R. Greene*, for defendant.

---

CITY OF PROVIDENCE *vs.* GEORGE J. ADAMS AND JAMES C. BUTTERWORTH.

SAME *vs.* JOHN T. WARD.

The estoppel of a judgment on a verdict applies in the case of a title to realty only to those portions of the realty whereof the title was formally put in issue.

A verdict and judgment thereon are effectual as record estoppels so far as they determine the issues made by the pleadings, and so far only.

A rejoinder will be stricken out on motion if it evades the issue offered by the replication, neither traversing nor fairly confessing and avoiding it.

TRESPASS AND EJECTMENT.

The facts and the previous proceedings in these cases are given in 10 R. I. 184 *sq.* As there stated the cases were heard at the March Term, 1872, for the County of Providence, upon demurrers to the replications. These replications were as follows, being in both cases the same : —

"The said plaintiffs say that, by reason of anything contained in the said defendants' plea, they ought not to be precluded from

saying that the close described in the plaintiffs' declaration is the close of the plaintiffs, because they say that the action recited in the said plea of the defendants, in which William H. Hudson, then city marshal of said city of Providence, and Henry G. Mumford, then surveyor of highways of said city of Providence, were impleaded by Albert H. Manchester, Cyrus B. Manchester, and Andrew H. Ward, Jr., was an action of trespass for breaking and entering the plaintiffs' close in said action described, and for treading down the herbage thereon, and prostrating and carrying off a certain building thereon standing; and that the testimony produced by the plaintiffs in said action showed that said alleged trespasses, to wit, the prostrating and carrying away said building, and treading down said herbage, were committed in the northwesterly corner of the close in said action described, and that no testimony was produced in said action showing any trespass in any other part of said close in said action described. And the plaintiffs aver that the close described in this suit does not include that portion of the close in which the trespasses aforesaid were proved to have been committed in said action recited in the defendants' plea."

Verification and prayer for judgment.

After the judgment of the court overruling the demurrers and sustaining the replications, the defendants made sundry motions to amend their pleadings. On these motions the following opinion was given : —

*July* 26, 1875. DURFEE, C. J. Two motions are filed in each of these cases, viz.: 1. A motion for leave to amend the pleas of estoppel. 2. A motion for leave to withdraw demurrers and file rejoinders to the plaintiffs' replications. The court denies the motions for leave to amend, being of the opinion that the proposed amendments will not materially add to the pleas as pleas of estoppel by record, and that if the design is to convert them into pleas of estoppel *in pais*, the proposed amendments do not disclose such facts and circumstances as amount to estoppels *in pais*. The court also denies leave to file the rejoinders proposed, but will permit rejoinders, properly framed, to set up the defence that the trespasses complained of and prosecuted in the former suit were not confined to the part of the land embraced in the former suit which is excluded from the present

suits, but extended to the whole or to some part of the land embraced in the present suits; the opinion of the court being that the title only of the land where the said trespasses were committed was put in issue, and that the verdict of the jury, and the judgment of the court thereon, can operate as an estoppel only to the same extent, even though, in fact, the jury may have gone beyond this in the trial, and intended to settle, and supposed they were settling, the title of the entire close described.

After this opinion the defendants filed in each case the following rejoinder to the replication given above: —

" And the said defendant says that by reason of anything in said replication alleged said plaintiff corporation ought not to have or maintain its aforesaid action against him, because he says that at the trial in said former action no testimony was produced that showed that said alleged trespasses, to wit, the prostrating and carrying away said building, and treading down said herbage, were confined to the northwesterly corner of the close in said former action described, and that no testimony was produced at said trial in said former action of the *locus in quo* of said alleged trespasses; but that at said trial in said former action, in open court, it was assumed by the plaintiffs in said former action, and conceded by the defendants in said former action, that said alleged trespasses were committed over the whole and every part and parcel of the close in said former action described, including the whole and every part and parcel of the close described in the plaintiff corporation's declaration in this present suit; and that the description of the *locus in quo* of said alleged trespasses in the plaintiffs' declaration in said former action included the entire close described in the plaintiff corporation's declaration in this present suit, and that the defendants in said former action pleaded title in said city of Providence in and to the entire *locus in quo* described in the plaintiffs' declaration in said former action, and no other pleas; and that said pleas of title were duly traversed, and thereupon issue was joined; and that thereupon after issue joined as aforesaid the plaintiffs in said former action produced testimony at said trial in said former action of possession of the entire *locus in quo* described in the plaintiffs' declaration in said former action, actual

and constructive, by the plaintiffs in said former action and their predecessors in title, for more than twenty years prior to the issue of the plaintiffs' writ in said former action ; and that after issue joined as aforesaid and trial of said former action, the jury rendered a verdict upon all the issues joined as aforesaid for the plaintiffs and against the defendants in said former action, and judgment was entered accordingly, and that said judgment was a final judgment in said action."

Verification, and prayer for judgment.

The plaintiffs moved in each case to strike out this rejoinder, and, on these motions, the court gave the following opinion : —

*July* 7, 1877.  DURFEE, C. J.  The plaintiff sues the defendant in an action of trespass and ejectment, to recover possession of a lot of land described in the declaration.  The defendant pleads in bar a judgment recovered in a former action which the defendant alleges settled the title to be in himself.  The former action was trespass for breaking and entering a close specifically described, and the plea by the plaintiff then defending was *liberum tenementum.*  The plaintiff replies that the former action " was an action of trespass for breaking and entering the plaintiff's close in said action described, and for treading down the herbage thereon, and prostrating and carrying off a certain building thereon standing, and that the testimony produced by the plaintiff in said action showed that said alleged trespasses, to wit, the prostrating and carrying away said building, and treading down said herbage, were committed in the northwesterly corner of the close in said action described, and that no testimony was produced in said action showing any trespasses in any other part of said close in said action described. And the plaintiff avers that the close described in this suit does not include that portion of the close in which the trespasses aforesaid were proved to have been committed in 'said action recited in the defendant's plea."  The defendant has filed a rejoinder to this replication, which the plaintiff moves to have stricken out as raising a false issue, being inconsistent with previous decisions in this case.   10 R. I. 184.

We have decided that the title of the entire close described in the former action was not in issue in that action, unless the

close was everywhere trespassed upon ; but that the only ques-
tion there was whether the place of the alleged trespasses be-
longed to the then plaintiffs or the city of Providence, and,
consequently, that whatever may have been tried, the title only
of the place of the alleged trespasses was settled by the ver-
dict and judgment thereon.   The plaintiff in this action alleges
in effect in its replication, that no part of the close described
in the former action in which the trespasses there alleged were
committed is sought to be recovered in the present action.   The
replication, if true, is a complete answer to the defendant's
plea.   The rejoinder, therefore, ought either to traverse it and
conclude to the country, or to confess it and set up some new
matter in avoidance.   The rejoinder does not simply traverse it ;
neither does it squarely confess it ; it meets it evasively.   The
rejoinder, however, concludes with a verification, and therefore
must have been intended to be a confession and avoidance.
But, considering it as such, it amounts to this, namely : that
though it is true that none of the trespasses alleged in the
former action were committed upon any part of the close which
is sought to be recovered in the present action, yet that there
was in fact no testimony produced on the trial of the former
action to show the *locus in quo* of the trespasses ; but it was in
open court assumed by the plaintiffs and admitted by the de-
fendants that they were committed over every part of the close
described, and that thus the finding or verdict of the jury upon
the question of title, which was against the present plaintiff
and in favor of the present defendant, extended to every part
of the close described, and judgment was entered thereon ac-
cordingly.   The matter, therefore, which is set up in avoidance
is, that in the former action the jury did not confine their find-
ing to the question put in issue by the pleadings, but in fact
went beyond it, with the acquiescence of the parties, and deter-
mined the title not simply of the place of the trespasses alleged,
but of the entire close described, in favor of the defendant.   The
difficulty with this is that the verdict of the jury, and the judg-
ment of the court thereon, in so far as they go beyond the
question put in issue by the pleadings, are neither of them effect-
ual as estoppels by record, if indeed either of them, in point of
law, can be considered to have been intended to have any effect

beyond that of settling the title of the *locus in quo* of the alleged trespasses. *Dunckle* v. *Wiles*, 5 Den. 296 ; *The People* v. *Johnson*, 38 N. Y. 63 ; *Tams* v. *Lewis*, 42 Pa. St. 403 ; 1 Greenleaf's Evidence, § 528. In other words, a question which is tried without being in any way involved in an action is not concluded by the verdict or judgment in it. *Motion granted.*