JEREMIAH HAILEY, Respondent, v. SOPHIA ANO, Appellant.

A purchaser of land, who takes a conveyance pending an action of trespass between his grantor and another, in which the issue of title has been made, is not concluded by a subsequent judgment in that action.

*It seems*, the doctrine of *lis pendens*, either under the Code of Civil Procedure (§ 1670) or at common law, does not apply to such action, as it is not brought to procure a judgment affecting the title or possession of the land, although they may in certain cases be affected thereby, and a grantee of a party acquires no interest by his deed in the "subject-matter" of the pending litigation.

In an action of trespass wherein the title to the *locus in quo* was in issue, the court directed a verdict for plaintiff on the ground that a former judgment in an action of trespass brought by plaintiff against A., the husband of the present defendant, was conclusive against her on this issue. It appeared that in 1884, when the first action was commenced, each party was in possession of certain premises, which he claimed included the *locus in quo*, under a contract of purchase. In 1885, A. received a deed and conveyed to two grantees. Judgment in favor of plaintiff was rendered in the first action in 1888. In 1889, the grantees of A. conveyed to the defendant here. *Held*, that the direction of the court was error; that the pendency of the former suit did not prevent a purchase *pendente lite* of the *locus in quo*, or give to the judgment therein the effect of an adjudication binding upon defendant.

(Argued December 16, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made November 30, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. P. Kellas* for appellant. The judgment is appealable to this court. (Code Civ. Pro. § 191.) The court erred in denying defendant's motion for a nonsuit. (*Hong Kong* v. *Cooper*, 114 N. Y. 388; *In re N. Y., L. & W. R. R. Co.*, 98 id. 453.) The court erred in receiving in evidence the judgment roll in the case of *Jeremiah Hailey* v. *Francis Ano*, and in holding that the same conclusively settled the title to the disputed territory, and in refusing defendant's request to submit to the jury the questions of fact in the case, and in directing a verdict for the plaintiff. (Code Civ. Pro. § 740; *Mandeville* v. *Reynolds*, 68 N. Y. 540; *Clark* v. *Woodruff*, 83 id. 525; *Stark* v. *Stark*, 2 How. [U. S.] 360, 363; *Riggs* v. *Waydell*, 78 N. Y. 586; 2 Greenl. on Ev. § 297; *Simmons* v. *Havens*, 101 N. Y. 427; *Dawley* v. *Brown*, 79 id. 390; *Briggs* v. *Wills*, 12 Barb. 567; *Stowell* v. *Chamberlain*, 60 N. Y. 276; *Kerr* v. *Hays*, 35 id. 338; *Unglish* v. *Marvin*, 128 id. 380; *Stannard* v. *Hubbell*, 123 id. 520; *Bort* v. *Steinburg*, 4 Cow. 559; *Masten* v. *Olcott*, 24 Hun, 589; *E. N. Y. & J. R. Co.* v. *Elmore*, 53 N. Y. 624; *Perry* v. *Dickinson*, 85 id. 345; *Lorrillard* v. *Clyde*, 3 Civ. Pro. Rep. 320; *People* v. *Johnson*, 38 N. Y. 63; *R. P. Co.* v. *O'Dougherty*, 81 id. 489; *Marcellus* v. *Countryman*, 65 Barb. 201; *Quackenbush* v. *Ehle*, 5 id. 469; *Dunckle* v. *Wiles*, 11 N. Y. 420; *Manny* v. *Harris*, 2 Johns. 29; *Cauhape* v. *Parks*, 46 Hun, 306; *Bell* v. *Merrifield*, 109 N. Y. 202; *Mandeville* v. *Avery*, 36 N. Y. S. R. 338; *Johnson* v. *U. S. & S. Co.*, 37 id. 876, 878; *Wait* v. *A. Ins. Co.*, 13 Hun, 371, 374; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 466; Code Civ. Pro. §§ 1670, 1671, 2951, 2958; *Shumway* v. *Shumway*, 42 N. Y. 145; *Masten* v. *Olcott*, 101 id. 161; *Zoiller* v. *Riley*, 100 id. 107; *Sheridan* v. *Andrews*, 49

id. 478; *Lucas* v. *E. S. G. Co.*, 38 Hun, 581.) The court erred in not permitting defendant to attack the judgment offered in evidence. (*Ferguson* v. *Crawford*, 70 N. Y. 253; *Hunt* v. *Hunt*, 72 id. 217; *Joslin* v. *Rockwell*, 35 N. Y. S. R. 891; *Latham* v. *Delaney*, 35 id. 462.)

*S. S. Wheeler* for respondent. This appeal should be dismissed. (*Norris* v. *Meslet*, 123 N. Y. 650; *Lynk* v. *Weaver*, 128 id. 171; *Trevelt* v. *Barnes*, 110 id. 500.) The disposition of this case by the court was correct, because the defendant was estopped and bound by the judgment against her grantor. (*Embury* v. *Connor*, 3 N. Y. 512; 79 id. 634; 77 id. 79; 42 id. 145.) It is no exception to the rule of estoppel, that the title which the defendant plead in defense, passed first to her children before coming to her, and that no notice of pendency of action was filed, as the source of the title was one and the same. (*Gallalin* v. *Cunningham*, 8 Cow. 361, 374; *Frost* v. *Bukman*, 1 Johns. Ch. 288; 3 id. 345; 4 Edw. Ch. 29; 6 Johns. 296; 37 N. Y. 502; 42 id. 30; 70 id. 255.)

ANDREWS, Ch. J. This is an action of trespass. The complaint alleged an unlawful entry by the defendant upon lands of the plaintiff on lot 20, Franklin county, in 1889, and the cutting and carrying away hay therefrom, and demanded damages in the sum of two hundred dollars. The answer contained a general denial of the complaint, and alleged that the defendant was the owner of the land upon which the alleged trespass was committed, and had a right to cut and carry away the grass. The action was originally commenced in Justices' Court, and on plea of title being interposed, the action there was discontinued and a new action for the same cause was brought in the Supreme Court.

The contest on the trial turned on the true location of the line between lots 19 and 20. It appeared that plaintiff had been in possession of lot 20 for more than 20 years, and that in 1882 he took a contract of purchase from the owner, under which he held possession at the time of the alleged

trespass.  The defendant is the wife of Francis Ano who in
1880, went into possession of 80 acres of lot 19, adjoining
lot 20, under, as may be inferred, a contract of purchase from
one John Rowley, the owner, who, on the tenth day of June,
1885, conveyed the 80 acres to Francis.  On the 20th of
July, 1885, Francis Ano and his wife conveyed 40 acres of the
land to their daughter Lena, and 40 acres to their son Joseph,
but upon what consideration the record is silent.  In 1889,
Lena and Joseph conveyed the land to their mother Sophia
Ano, the defendant.  The hay cut by the defendant in
1889 was cut from about 6 acres of land either on
lot 20 or on lot 19, the question from which lot it was
taken depending upon the true location of the line between
the respective lots.  Evidence was given in support of
the claim of each party as to the true location of the
line.

The question on this appeal relates to the correctness of the
ruling of the trial judge that a certain  judgment rendered in a
former action brought by the present plaintiff against Francis
Ano, concluded the question of title to the six acres in the
present action.  The trial judge directed a verdict for the
plaintiff in this action on the ground that the judgment in
the former action was a conclusive adjudication as against the
present defendant, Sophia Ano, upon the question of title.

For a proper understanding of the question presented some
facts need to be stated.  The former action was brought in
the Supreme Court in 1884.  The plaintiff in his complaint
alleged that the defendant (Francis Ano) in July and August
of that year wrongfully entered upon premises owned and
occupied by the plaintiff on " Lot 20," county of Franklin,
and took therefrom a quantity of hay, the property of the
plaintiff, of the value of $200, and converted it to his own use,
wherefore the plaintiff demands judgment for that sum, etc.
The defendant (Francis Ano) answered by a general denial
and set up that at the time complained of he was the owner
and in possession of the lands from which the hay was taken
and was the owner of the hay.  The answer is under date of

October 10, 1884. No judgment was entered until November, 1888. It appears from the recitals in the judgment that at the November term of the court in that year, the cause being on the calendar was moved for trial by the plaintiff, and that the attorneys for the parties thereupon agreed in open court that the plaintiff have judgment on the merits for forty dollars damages and costs, and it was so adjudged. It will be observed that when the former action was commenced, neither party thereto had the legal title to any land on lots 19 and 20. Both were in possession of the land occupied by them under contracts with the respective owners. After the commencement of the former action, Francis Ano, the defendant, obtained a deed of the 80 acres on lot 19, his deed being dated June 10, 1885. The plaintiff, so far as appears, has never obtained a deed of lot 20. It is also important to notice that the judgment in the former action was rendered three years after Francis Ano had conveyed the 80 acres to his children. It does not appear that when they took their deeds they had any knowledge of the pendency of the suit against Francis Ano. The deed to the present defendant was given after the rendition of the judgment.

We shall assume in determining the question now presented, that the controversy in the former suit related to the same identical premises which are involved in the present controversy. It is settled in this state that under an issue of soil and freehold in an action of trespass *quare clausum fregit*, the verdict and judgment on that issue determines the title as between the parties at the time of the alleged trespass, and that in a subsequent action of trespass between the same parties where the same title is put in issue, the former judgment is conclusive. (*Burt* v. *Sternburgh*, 2 Cow. 559.) The same rule obtains when the second action is ejectment. (*Dunckle* v. *Wiles*, 5 Den. 296.) If the title existing in either party when the former judgment was obtained, was determined before the second action, or a new title had been acquired by the party against whom the judgment was rendered, this may be shown in avoidance of the estoppel of the former judgment.

(*Dawley* v. *Brown*, 79 N. Y. 390.) The rule that estoppels bind parties and privies would we suppose affect a grantee of a party to the judgment in the trespass suit, who acquired title from such party after the judgment. In *Dunckle* v. *Wiles*, which was ejectment, where the defendant relied upon a judgment in a former action of trespass between his grantor and the plaintiff, as an adjudication upon the title, it' was held that the defendant was entitled to the same benefit from the former judgment as his grantor would have been if he had been the defendant. If this is a correct principle, it would seem that the converse of the proposition is also true, viz., that a subsequent grantee would be bound by a former judgment in trespass on the' question of title against his grantor.

But the circumstances of the present case present a very different question. When Francis Ano conveyed the 80 acres to his children, the first action was pending, but there was no judgment, and consequently at that time no estoppel, since obviously the estoppel by verdict and judgment can only arise when these events have transpired. The point to be determined is whether, having purchased *pendente lite*, they were bound by the judgment subsequently rendered. We have been unable to find any authority in support of the proposition that the purchaser of land pending a suit in trespass between the grantor and another, in which the issue of title has been made, takes subject to the judgment which may be subsequently rendered in that action, or that he will be concluded thereby. The doctrine of the common law that in case of an alienation pending a real action, the alienee takes subject to the judgment which may be rendered therein, which doctrine was adopted by courts of equity in analogous cases, though it often operated with great hardship, was founded upon a definite policy. It is clearly set forth in *Gaskell* v. *Durdin* (2 Ball & Beatty, 167): "The rule of the court undoubtedly is that any interest acquired in the subject-matter of a suit pending the suit, is so far considered a nullity that it cannot avail against

the plaintiff's title; and if this rule were not attended to, there would be no end of any suit; the justice of the court would be evaded and great hardship and inconvenience to the suitor necessarily intervene." And in *Hopkins* v. *M'Laren* (4 Cow. 678), Senator Colden stated the reason of the rule to be that "if a transfer of interest pending a suit were to be allowed to affect the proceedings, there would be no end of litigation; for as soon as a new party was brought in, he might transfer to another and render it necessary to bring that other before the court, so that a suit might be interminable." (See also *Murray* v. *Lylburn*, 2 Jo. Ch. 444; *Parks* v. *Jackson*, 11 Wend. 444.) The frequent hardship resulting from the rule of *lis pendens*, without any provision requiring notice to be filed, led to statutory enactments on the subject, requiring notice of *lis pendens* to be filed in certain actions and making the commencement of an action constructive notice only, from the time of such filing. (*Sheridan* v. *Andrews*, 49 N. Y. 478, and statutes cited.) Section 1670 of the Code of Civil Procedure which is in substance a re-enactment of former statutes, authorizes a notice of *lis pendens* to be filed in an action "brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property." An action for damages for trespass on real property is not within this section. The object of the action is the recovery of damages, and the title of the premises upon which the trespass was committed may or may not be affected or involved in the litigation. The action is not brought to procure a judgment affecting the title or possession of the land, although the judgment may, in certain cases, be evidence of title.

The contention is that notwithstanding the action of trespass is not one wherein notice of *lis pendens* can be filed, yet a purchaser *pendente lite* must take notice at his peril of a pending action of trespass to which his grantor is a party, and that the doctrine of *lis pendens* as formerly understood before there was any statutory regulation, applies. But the case is not within the principle upon which that doctrine was based. The pur-

chase of the land from a defendant against whom an action for trespass is pending, does not affect the plaintiff's claim or right of action. He can recover his damages as if no sale of the land had been made, and his remedy can be pursued unimpaired by the transfer of the land. The transfer is productive of none of the consequences which the doctrine of *lis pendens* was intended to prevent. That doctrine prevented the acquisition *pendente lite* of an interest in the "subject-matter" of the suit, to the prejudice of the plaintiff because otherwise (in words already quoted), "there would be no end of any suit; the justice of the court would be evaded and great hardship and inconvenience to the suitor would be necessarily introduced."

The grantees of Francis Ano acquired by the deed no interest in the "subject-matter" of the pending litigation. The most which the plaintiff can claim is that by the transfer of the land *pendente lite*, the question of title may be open to contestation unless the doctrine of *lis pendens* applies. We are not bound to any authority on the question now considered, and we think it would be unwise to apply the doctrine of *lis pendens* in such a case as this. It would embarrass the transfer and alienation of land, without any compensating benefit, putting upon a purchaser the risk of ascertaining that no suit was pending for trespass upon lands purchased. An inspection of the pleadings in the former action, which resulted in favor of the plaintiff against Francis Ano, would have given the purchasers of lot 19 no notice that the controversy related to the line between lots 19 and 20. The complaint describes the entry as upon lot 20. The purchase was of eighty acres of lot 19, and the pleadings did not disclose that the controversy concerned any boundary between the lots. It was said in *Lewis* v. *May* ( 1 Strobh. Eq. [So. Car.] 180) that for a *lis pendens* to affect a purchaser, there must be something in the pleadings at the date of the purchase to point his attention to the property purchased as the identical property or parcel of the identical property in litigation. (See also Herman on Estoppel, section 189.)

It is certainly reasonable in a case like this that where there is nothing in the pleadings to put a party on inquiry, the doctrine of *lis pendens* should not be applicable. The theory that parties are presumed to be cognizant of what is passing in the sovereign courts of justice, assumes that by consulting the records of the courts the fact may be ascertained But we think the pendency of a trespass suit does not prevent a purchase of the land upon which the trespass was committed, *pendente lite* or give to a judgment for damages subsequently recovered therein, the effect of an adjudication binding the title of such intermediate purchaser, even though he may have known that the action was for a trespass upon the lands purchased.

This leads to a reversal of the judgment and a new trial.

All concur.

Judgment reversed.