### CLARK S. BENNETT, Appellant, *v.* NELSON GRAY, Respondent.

*Ejectment — not maintainable by proof of mere equitable rights under a contract of sale — admissibility in evidence of a judgment roll against the common grantor in an action of trespass for injury to personal property.*

Where a person has, at most, only an equitable title to land arising out of an executory contract for its purchase by him he cannot maintain ejectment; that form of action is only maintainable by one who has a legal estate in the premises.

In an action brought to recover the possession of certain premises it appeared that Calvin H. Bell was the common source of title; that on April 21, 1888, the plaintiff entered into a contract with him for the purchase of certain premises (other than those here in question); that this contract, among other things, provided that if the plaintiff failed to perform it Bell should have the right to declare the contract void and to retain whatever had been paid upon it and to treat the plaintiff as his tenant, holding over without permission, and to take immediate possession of the premises; that on May 31, 1888, the plaintiff, by an instrument in writing, requested Bell to exchange the premises mentioned in this contract for the premises here in question, and agreed to pay him $300, with interest from April 21, 1888; that the exchange was effected and the plaintiff entered into the possession of the premises, as was claimed, subject to the provisions of the contract of April 21, 1888; that subsequently, Bell claiming that Bennett was in arrear in his payments, ousted Bennett in summary proceedings by a judgment rendered on the 20th of November, 1889, which judgment was reversed on appeal about a year later; that on November 25, 1889, the defendant purchased, and received a conveyance of, the premises from Bell and on the next day the plaintiff brought an action of trespass for injury to personal property against Bell, which was based upon the ouster in summary proceedings, and recovered in that action; that the defendant was not a party to the action for trespass, nor was any *lis pendens* filed therein.

It appeared that the plaintiff had not paid to Bell the contract price of the lands in question at the time when Bell conveyed them to the defendant.

*Held*, that as the plaintiff was thus in default, his rights, if any, under the contract were purely equitable and were consequently insufficient to support an action at law to recover the possession of the premises;

That the judgment roll in the action of trespass, begun subsequent to the time when Bell conveyed to the defendant, was inadmissible against the defendant;

That the pendency of such an action would not prevent a purchase of the land upon which such a trespass had been committed, even if the purchase was made *pendente lite*, nor give to the judgment for damages subsequently recovered the effect of an adjudication binding the title of an intermediate purchaser, even though he might have known that the action was for a trespass upon the lands purchased.

APPEAL by the plaintiff, Clark S. Bennett, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Delaware on the 31st day of May, 1894, upon a nonsuit granted by the court after a trial at the Delaware Circuit, and also from an order made at the Chemung Special Term and entered in the office of the clerk of the county of Delaware on the 4th day of May, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover possession of certain premises described in the complaint, situated in the town of Delhi, Delaware county. The complaint contained the usual allegation found in actions of ejectment, to wit, "that the defendant is wrongfully in the possession thereof and wrongfully withholds the same from this plaintiff." The foundation of the plaintiff's claim is fully set forth in the opinion of the court.

The answer contained a general denial and an averment that the defendant is in possession and is the owner of the land and premises described in the complaint.

The evidence indicated that the defendant was in possession under a warranty deed of the premises, which he received on the 25th day of November, 1889, executed by Calvin H. Bell to the defendant. When the defendant took the deed from Bell, Bell "said there was nothing against it (the property)." After the defendant received the deed he went into possession of the premises. At the close of the evidence the trial judge held that there was no proof that the purchase price specified in the contract, under which the plaintiff claimed the premises, had been paid, and that if the plaintiff has any remedy it is by way of an action in equity to get title. Plaintiff asked to go to the jury upon all the questions in the case. That motion was denied and an exception was taken. An exception was also taken to the nonsuit granted.

*W. & G. W. Youmans*, for the appellant.

*Wagner & Fisher*, for the respondent.

HARDIN, P. J.:

Inasmuch as both parties found their respective claims upon the several transactions they have had with Calvin H. Bell, it was assumed at the trial that on the 31st day of May, 1888, Bell had

legal title to the premises described in the complaint.    Prior thereto the plaintiff had entered into a contract with Bell on the 21st of April, 1888, for the purchase of certain premises other than those in question in this action described in that contract, and in that contract was found the following stipulation : " It is mutually agreed between said parties that said party of the second part (Bennett) shall have possession of said premises on this date, and he shall keep the same in as good condition as they are in at the date hereof, until the said sum shall be paid as aforesaid ; and if said party of the second part shall fail to perform this contract, or any part of the same, said party of the first part (Bell) shall immediately after such failure have the right to declare the same void, and retain whatever may have been paid on said contract, and all improvements that may have been made on said premises, and may consider and treat the party of the second part as his tenant holding over without permission, and may take immediate possession of the premises and remove the party of the second part therefrom."

Subsequent to the execution of that contract a second contract was entered into, which is in the following language :

" I, Clark S. Bennett, do hereby consent to and request C. H. Bell to exchange the within mentioned property with William Smith, Jane M. Zeller and Elizabeth G. Flowers for a wood lot of about twelve acres and a dwelling house and lot of about three acres, as described in a deed from Alfred L. Mason to William Smith, dated October 25, 1883, and a deed from Edward Bell and wife to Mary Ann Smith, now deceased, and I do hereby agree to pay said C. H. Bell the sum of three hundred dollars with interest from April 21, 1888, for the above-mentioned piece, said Bell to hold the judgment which he now has as security for the within contract, with the like force and effect, until the above-mentioned pieces are paid for, and said Bell is not to assume or be held to any responsibility on account of the title to the above-mentioned pieces.

" Witness my hand and seal, this 31st day of May, 1888.

" CLARK S. BENNETT. [L. S.] "

In pursuance of this agreement, the premises described in the second contract, which land is the subject of this action, were exchanged for the lands described in the first contract, and Bennett

went into possession of such lands, as is claimed, subject to the terms of the first contract.

In November, 1889, Bell took the position that Bennett was in arrear in his payments upon the contract and instituted summary proceedings to remove Bennett from the premises, and a trial was had before R. A. Frasher, a justice of the peace, who awarded possession to Bell of the premises described, by a judgment rendered on the 20th of November, 1889, and an order was issued removing Bennett from the premises. The proceedings had before the justice were removed to the County Court of Delaware county and that court, by a decision pronounced on the 4th day of November, 1890, reversed the order made and the judgment rendered by the justice, and the judgment of reversal was entered on January 21, 1891. On the 26th of November, 1889, Bennett brought an action in the Supreme Court against Calvin H. Bell in trespass, alleging that on or about November 20, 1889, Bell, with his agents and servants, wrongfully, unlawfully and maliciously entered into and upon the plaintiff's lands and premises and removed the plaintiff's household property to the highway, greatly injuring and destroying the same to the damage of the plaintiff. Bell caused an answer to be served, and issue was joined and the action brought to trial at a Circuit, and the plaintiff recovered therein as damages fifty-two dollars and fifty-eight cents. The judgment was appealed to the General Term, and on the 7th of February, 1893, an order was granted by the General Term affirming that judgment.

On the trial now under review an objection was taken to the reception in evidence of the judgment roll in the action of trespass. It appeared that the action was commenced subsequent to the day when the defendant received his deed from Bell and subsequent to the time when the defendant went into possession of the premises, and the court rejected the judgment roll as evidence. The defendant here was not a party to that action, and it does not appear that any *lis pendens* was filed in that action; that it was simply an action in trespass for damages alleged to have been done by Bell to the personal property of Bennett, and we are of the opinion that the trial judge properly excluded the judgment roll filed therein. (*Hailey* v. *Ano*, 136 N. Y. 569.) Near the close of the opinion in that case ANDREWS, Ch. J., said : " The theory that parties are pre-

sumed to be cognizant of what is passing in the sovereign courts of justice, assumes that by consulting the records of the courts the fact may be ascertained. But we think the pendency of a trespass suit does not prevent a purchase of the land upon which the trespass was committed, *pendente lite*, or give to a judgment for damages subsequently recovered therein the effect of an adjudication binding the title of such intermediate purchaser, even though he may have known that the action was for a trespass upon the lands purchased." We are of the opinion that no error was committed in refusing to receive in evidence the charge delivered by the Circuit judge before whom the action of trespass was tried. When the defendant entered into possession of the premises under his deed he did so, having acquired the legal title of Bell, the former owner of the property, and that legal title drew after it the right of possession. After a careful inspection of the appeal book we are satisfied there was no evidence given upon the trial now under review to establish that the contract price had been paid by Bennett to Bell prior to Bell's conveyance to the defendant. In the first contract that was made between Bell and the plaintiff Bennett, it was expressly provided that if Bennett failed to perform the contract, or any part of the same, Bell was entitled to immediately ' have the right to declare the same void." If Bell had resumed possession of the premises on the day when he executed the deed to the defendant peaceably, the plaintiff would, in order to be entitled to recover possession from Bell, be obliged to establish that the terms of the contract in respect to the purchase of the premises had been kept and carried out. We see no reason why the same burden does not rest upon the plaintiff when seeking to oust the grantee of Bell, who went into possession after having derived the legal title from him. It was, therefore, incumbent upon the plaintiff to establish, by satisfactory evidence, that he had complied with the terms of the contract of purchase, and that, by virtue of its stipulations, having made payment of the contract price, he was rightfully entitled to have possession of the premises. In the absence of such proof we are of the opinion that he was not entitled to maintain an action on the law side of the court for the recovery of the possession of the premises, and that no error was committed by the trial judge in granting a nonsuit, or in denying the motion for a new trial.

In *Peck* v. *Newton* (46 Barb. 173) it was held that "where the plaintiff has, at most, a mere equitable title to the piece of land, the possession of which he seeks to recover, no action will lie." Near the close of the opinion in that case PARKER, J., said: "Plaintiff had not proved a cause of action entitling him to a recovery against the defendant, and should have sought relief in an equitable action against all the parties obligated to grant him his equitable rights."

The same doctrine is stated in *Moore* v. *Spellman* (5 Den. 225), and is again alluded to and stated in *Townshend* v. *Frommer* (25 N. Y. St. Repr. 365).

In *Wright* v. *Douglass* (3 Barb. 556) it was held: "Ejectment cannot be maintained unless the plaintiff has the legal estate in the premises."

We are of the opinion that the nonsuit was properly granted.

MERWIN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.