GEORGE M. CHAPMAN, Respondent, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, OCTOBER, 1870.)

In ejectment by a mortgagee in possession, after default, under an agreement with the mortgagor therefor, the defendant cannot defend upon the title of a third party, which is barred by twenty years' adverse possession by the plaintiff.

The plaintiff in ejectment, may prove title as mortgagee in possession by agreement with the mortgagor, although his complaint avers that he is entitled as owner in fee simple.

Evidence of a parol surrender of lands, by the mortgagor followed by actual possession under it, is competent in ejectment to show the title of a mortgagee in possession.

Affidavits of proceedings in foreclosure by advertisement, under which the mortgagee has bidden in the property, although not sworn before suit brought, are admissible in evidence in ejectment by the mortgagee, as part of the history of his claim of title.

Where a complaint in ejectment avers possession by the defendant as a corporation, and the answer admits possession as alleged, there is a substantial admission of the defendant's corporate existence.

APPEAL from an order denying a new trial and from the judgment entered on a verdict in favor of the plaintiff.

The cause was tried before Justice MURRAY and a jury at the Tompkins circuit, in September, 1868.

The plaintiff in this action sought by ejectment to recover, with damages for withholding, the possession of a piece of land occupied by the defendant, a railroad corporation. The defendant made no claim of any right to enter upon the land, and to retain possession they fortified themselves with simply a tax title. The comptroller annulled this tax title.

The plaintiff, as a mortgagee in possession after default, held the lands at time of defendant's entry, and for some years before. The mortgage had also been foreclosed by advertisement under the statute, and the premises were bid in at the foreclosure sale by the plaintiff, but the affidavits were made up and sworn to after suit brought.

The jury found in favor of the plaintiff. Various objections were made on the trial and exceptions taken to the rulings of the judge, which are sufficiently stated in the opinion.

A motion was made for a new trial, which was denied and a judgment entered. The defendant appealed from the order denying a new trial and from the judgment.

*Beers & Howard,* for the appellant.

*Jerome Rowe,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. This was an action of ejectment to recover a strip of land in Ithaca, occupied by the defendant as a railroad. To show the title of the plaintiff, he introduced several deeds, and among others, a deed from the executors of Simeon DeWitt, deceased, to one Charles A. Gregory, which was in the form of an ordinary executor's deed, reciting a clause in the will of the deceased, by which he empowered his executors to sell his real estate " for such consideration as they shall judge proper, for the purpose of discharging my debts, and creating funds for the support of my family."

The introduction of this deed was objected to by the defendant as not authorized by the will, and as conveying no title. The objections were overruled and an exception taken to the decision of the court. The consideration expressed in the deed was the sum of one dollar; the power to sell was to pay debts, and to raise funds to support the family, and as there was evidence to show, that the sum of $9,000 was soon afterward raised by mortgage upon the same property, it is a fair presumption, that a sale for the sum of one dollar could not have been made in accordance with the provisions of the will. It was substantially held in *Allen* v. *De Witt* (3 Coms., 277), where this provision of the same will was in question, that a conveyance where nothing was paid was

invalid, and not an execution of the power contained in the will. Is the defendant in a position to question the validity of this deed? It is claimed by the plaintiff, that since the date of this deed (1838) there has been a possession of the premises under claim of title, exclusive of any other right founded upon a written instrument, for more than twenty years prior to the commencement of this action. There are grounds for sustaining this claim, and as the defendant is a stranger to the title, I do not see that the objection to the evidence is available. The defendant, in an ejectment, cannot avail himself of an outstanding title, which is barred by the statute of limitations, or which has never been fully vested in the grantee. (*Hoag* v. *Hoag*, 35 N. Y., 473.) The heirs of Simeon DeWitt would be barred, or any one claiming under them by the statute of limitations, and the defendant can occupy no better position. It may also be remarked, that the deed, if given without full authority, would not be void, but voidable at the election of the parties interested, to take the estate, or some interest in it, in case the deed was vacated; but the defendant is not in a situation to raise the question of a want of power.

There was no valid objection to the evidence of the plaintiff, to show himself a mortgagee in possession by agreement with the mortgagor. Although the complaint alleged that the plaintiff was the owner in fee, it did not necessarily establish title otherwise, because the plaintiff claimed title under a mortgage. A title in fee simple may be established, I think, by such evidence. It is enough for the plaintiff to show a right to the possession of the premises at the time the suit was commenced to entitle him to recover. (2 R. S., title 1, part 3, chap. 5, § 25.) And a mortgagee in possession after default, holds such a right of possession as is embraced within the foregoing enactment. He has a title against all the world until dispossessed or until the payment of the moneys due on the mortgage. (*Van Duyne* v. *Thayre*, 14 Wend., 233; *Phyfe* v. *Riley*, 15 Wend., 248; *Casey* v. *Buttolph*, 12 Barb., S. C., 637.) The proof

offered, therefore, came within the allegations of the complaint. This is not like a case of a mere equitable title to land, where the rights of the parties must first be settled by a court of equity and a specific performance of a contract enforced, as in *Peck* v. *Newton* (46 Barb., 173).

The testimony showing a parol surrender of the premises was properly received. The agreement to surrender the farm seems to have been made to save the expenses of a foreclosure; and followed up as it was by an actual surrender afterward, I think the testimony of what was said about it was competent. While the verbal understanding of itself would be invalid, yet the possession, which was the main thing to be accomplished, was an execution of the oral agreement. At common law the mortgagee was vested with the legal estate, subject to be defeated by the performance of the condition of the mortgage, and the surrender was not creating an interest in lands, but taking possession by the mortgagee of lands, which have been conveyed to him upon a certain contingency.

The testimony of the plaintiff as to the value of the use of the land, was competent. No objection was made upon the ground that he was not qualified to speak on the subject; and if there had been, I think he had sufficient knowledge to authorize his evidence to be given. Nor was any specific objection taken to proof of the value of the lands after the suit was commenced and to the time of trial. It may be added that the judge charged the jury, that if they found for the plaintiff he would be entitled to damages for six years, terminating at the time the action was commenced. This entirely disposes of any question as to the value of the use of the land after the suit was brought.

The affidavits on the foreclosure were properly admitted in evidence, to show the history of the plaintiff's claim. They did not show title, and the judge charged the jury that the plaintiff was not entitled to recover as a purchaser at the sale; but if at all, as a mortgagee in possession of the premises. Although the affidavits were sworn to after the suit

was commenced, yet no injury could accrue to the defendant by the admission of this evidence, as his recovery was had entirely upon another ground; and therefore even if the judge erred, it is no ground for granting a new trial.

Some other points are made as to the admission of evidence; but none of them are well taken, and they do not require discussion.

The motion for a nonsuit was properly denied, and the case was properly submitted by the judge to the jury.

It was substantially admitted by the pleadings that the defendant was a corporation. The complaint was, that the defendant was in possession as a corporation, and the answer admits that the defendant is in possession. This is not such a denial of corporate existence as will raise an issue on that question.

The order denying the motion for a new trial and the judgment, must be affirmed with costs.