THOMAS MURPHY, APPELLANT, *v.* JOSHUA S. LOOMIS, RESPONDENT.

*Ejectment — right of one in possession of land under a contract for its purchase, to maintain it.*

One in possession of land under a contract for the purchase thereof, is entitled to maintain an action of ejectment against a stranger to the title, who wrongfully enters upon and withholds possession of the same.

APPEAL from a judgment, entered on a nonsuit directed at the circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried. The action was brought to recover the possession of land.

*F. W. Hubbard,* for the appellant.

*Lansing & Rogers,* for the respondent.

HARDIN, J.:

Plaintiff, in his complaint, alleges " that on or about the 16th day August, 1878, *the plaintiff* was the lawful *owner* and in the possession of the premises" described; * * * "that being so possessed thereof, the defendant afterward, and on or about the 16th day of August, 1878, entered into said premises and has since continuously, unlawfully withheld possession thereof from the plaintiff to his damage, in the sum of fifty dollars," and then judgment is demanded that the defendant surrender to the plaintiff possession of said premises and pay damages for the unlawful withholding of same."

Defendant's answer contains simply a general denial.

Plaintiff, in his opening of the case to the jury, stated that " prior to the 28th day of March, 1856, the defendant was the owner in fee and in possession of a farm in the town of Champion, Jefferson county, of 100 acres; that on the said 28th March, 1856, he sold and conveyed, by warranty deed, seven acres and 118 rods of the westerly *end of said* farm, to one Samuel Knight, and on the same day delivered to said Knight *the said deed* and also the full possession of the land conveyed; that on or about the date of the

deed, the *defendant* and Knight established the boundary line practically, and by the survey contained in the deed between defendant's remaining land in his farm and the seven acres and 118 rods so sold and conveyed, and agreed upon the portion of the division fence which each should build, there being no fence there at the time." And it is stated that thereafter parties built the division fence in accordance with such division line and the agreement in respect thereto in 1856.

It was further stated " that the defendant used and accepted the remaining portion of his farm, and cultivated the same up to the division line fence so built by him and Knight, from the date of said deed, March 28, 1856, to the summer of 1878, recognizing the said fence as a boundary line."

\* \* \* " That Knight so occupied under such claim, until the 9th day of November, 1857, when he sold and conveyed said seven acres and 118 rods of land, to Lemuel Clark by warranty deed. \* \* \* " That about the date of said deed, Clark was put in possession of said land by Knight, and occupied up to said division fence, under his deed claiming in good faith title thereunder until October 25, 1859, when *he sold* and conveyed the land by deed *to John C. Knapp*, and on or about that day transferred to Knapp the possession of the land. That Knapp occupied up to the division fence under his deed and claim of title in good faith *until* he sold the same by *written contract to the plaintiff* in this action on the 1st day of June, 1867." " That the said contract was in the usual form, containing covenants to convey by warranty deed upon payment of the consideration expressed therein.

*That by the terms of the contract* the plaintiff was to have immediate, and was in fact put into immediate and full possession of said seven acres and 118 rods of land, bounded on the west by the said division fence, so built in 1856 by Knight and defendant.

That he continued to occupy up to said fence in the usual way of husbandry, claiming in good faith, a *right and title* to the fence of the boundary line *without* dispute or question, until the summer of 1878, when the defendant wrongfully, without the knowledge or consent of the plaintiff, removed the said division fence, building on a new site east a new board fence and stone wall as the new division line. \* \* \* That this action was brought to recover

the possession of the premises of which the plaintiff has been deprived by the defendant, without color of right or title, and as a mere wrong-doer. The case states that the plaintiff's counsel asked to present proofs of the foregoing allegations of fact to the jury, but the court *refused to permit* the same and ruled and decided that the plaintiff being in possession *under a contract* for the purchase of the premises in question, *he could* not maintain an action of ejectment therefor, to which ruling the plaintiff excepted.

The court, therefore, nonsuited the plaintiff and plaintiff excepted.

In the opinion of the circuit judge denying a motion for a new trial upon his minutes, it is stated (1) that "plaintiff may recover in ejectment on proof of possession alone, because the party in possession is presumed to be owner in fee. (2) Had the plaintiff's counsel in his opening claimed to recover upon *proof of possession*, he could not have been nonsuited; but *where he conceded* that he held the *possession under* a contract for the purchase, *he showed* that he was in under an equitable letter merely, and upon such a title a plaintiff *cannot* recover in ejectment. "His vendor could maintain the action."

The respondent seeks to sustain the judgment below by an attack upon the plaintiff's complaint. No such point was presented at the circuit, and ought not, therefore, to be listened to on this appeal.

It may be observed, however, that the complaint did aver that "the plaintiff was the lawful owner and in possession of the * * * described premises," at a time prior to the defendant's entry. For the purposes of the action, as no point was raised by demurrer or upon the trial, we may assume the averment equivalent to a claim of the fee, and, therefore, a compliance with section 10 of 2 Revised Statutes, 304. (See Code of Civil Procedure, § 518; § 140 old Code, and § 455 [*old*] Code.) It was held on *demurrer* in a complaint in *Austin* v. *Schluyter* (7 Hun, 275), that it is not necessary to state in detail the facts constituting the estate or interest claimed in the land, but the general form or character of the estate or interest must be averred. The complaint in that case simply averred possession, and in no way averred any title, interest or ownership in the plaintiff, and it was, therefore, held defective on demurrer.

By section 25 of 2 Revised Statutes, 306, it was provided that it shall not be necessary for a plaintiff to prove an actual entry under

title  *  *  *  " but it shall be sufficient for him to show *a right
to the possession of such premises* at the time of the commencement
of the suit as heir, *devisee, purchaser or otherwise.*"

This section received construction in *Chapman* v. *Delaware,
Lackawanna and Western Railroad Company* (3 Lans., 261); and
it was held there that a mortgagee in possession might recover
though his complaint alleged the fee to be in him, and the court
said : " It is enough for the plaintiff to show a right to the posses-
sion of the premises at the time the suit was commenced to entitle
him to recover."

The answer of the defendant does not set up any title, and the
complaint as well as opinion placed the right of the plaintiff upon
a prior possession under claim of an interest in the premises, and
under such circumstances the plaintiff's right to recover is supported
by authority. (*Jackson* v. *Hazen,* 2 Johns., 22.)  In *Jackson* v.
*Harder* (4 Johns., 202) the defendant showed no pretense or color
of title to justify his entry and the plaintiff recovered against
him on a possession of eight or ten years under a claim and
color of title. (See, also, *Smith* v. *Lorillard,* 10 Johns., 338;
*Jackson* v. *Rightmyre,* 16 id., 325.)  In *Trull* v. *Granger* (4
Selden, 118), it was held that a present right of possession was
all that was necessary to maintain ejectment. (2 R. S., § 2, sub.
1, p. 304.)

By the opening it appears the plaintiff not only had the right to
the immediate possession, but that he was in possession " claiming
in good faith a right and title" when the defendant wrongfully
took possession, and his possession so taken was without any interest
in the lands.  Neither the opening or the answer of the defendant
connect him with the legal title.

Under such circumstances we think the interest of the plaintiff,
his prior possession, as against the defendant, entitled him to recover
and that he was improperly nonsuited.

We must, therefore, reverse.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment and order reversed and a new trial ordered, with costs
to abide the event.