TOWNSHEND v. FROMMER et al.

*(Superior Court of New York City, General Term. June 3, 1889.)*

EJECTMENT—TITLE TO SUPPORT—POWERS IN TRUST.

C. conveyed mortgaged property to R., her heirs, etc., in trust to receive the income, and apply it to the use of C. for life, and after her death to convey the property to C.'s children and grandchildren. *Held* that, under 1 Rev. St. N. Y. p. 729, § 59, providing that land to which a power in trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the power, R.'s power to convey not having been exercised, the legal title to the land passed to the purchaser at the sale under the mortgage during C.'s life, and C.'s children and grandchildren, after her death, had no such title as would support an action of ejectment.

Exceptions from jury term.

Action in ejectment by John Townshend against Edward Frommer and others. A verdict was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*John Townshend,* plaintiff, *in pro. per.  John F. Dillon, John E. Parsons, John C. Shaw,* and *Gratz Nathan,* for defendants.

SEDGWICK, C. J. The action is in ejectment. The land in question, in 1835, was held in fee by one Wagstaff. He conveyed to one Dimond, taking from the latter a purchase-money mortgage. The land then was conveyed, by mesne conveyances, to Clarissa E. Curtis, subject to the mortgage. She and her husband, in 1837, conveyed to Eliza Racey, as trustee. The decision of this case turns upon the nature of this conveyance. The conveyance was to Eliza Racey, "the party of the second part, her heirs and assigns, to her, and their own proper use, benefit, and behoof, forever, but in trust, nevertheless, that the said party of the second part, and her heirs, shall receive the yearly income, rents, profits, and produce of the said land and premises, and apply the same yearly during the natural life of the said Clarissa to the use of the said Clarissa, free and clear," etc., "but to the sole and separate use of

the said Clarissa: and on the further trust that the said party of the second part and her heirs shall, at the decease of the said Clarissa, convey the said lands, and every part of them, in fee-simple, to the children of the said Clarissa living at her decease, and the surviving children of such of them as may then be dead, in equal portions *per stirpes*, and not *per capita,*" etc.   "And in case of the death of the said Clarissa, leaving no child or grandchild her surviving, the said lands and premises shall belong to and vest, at her decease, in fee-simple to her right heirs, to whom the said party of the second part and her heirs shall convey the same accordingly."   The mortgage that has been described was assigned, and the mortgagee began a suit to foreclose it in 1837. Mrs. Curtis and her husband were made defendants.   No child or grandchild of Mrs. Curtis was made a defendant.   The land was sold under the judgment in the suit, and the present defendants claim under the master's deed then given.   Mrs. Clarissa Curtis died in 1886, leaving children and grandchildren.   In 1885 certain of the children and grandchildren conveyed to the plaintiff four undivided tenth parts of the land.   After the death of Mrs. Clarissa Curtis the plaintiff began this action to recover the possession of these undivided interests.   On the trial the court directed a verdict for the defendants, and ordered the exceptions to be heard in the first instance at general term.

The plaintiff counsel claims that the plaintiff has such an interest in the land that he is entitled to bring an action of ejectment.   The defendants' counsel claims that the plaintiff has no legal interest in the land which will support ejectment.   The rule given by Chitty (1 Chit. Pl. 190) prevails in this state: "The lessor of the plaintiff must also have a strict legal right.   A mere equitable and beneficial interest, without a legal title, will not suffice."   The note to this cites some of the cases in this state; and see, also, *Moore* v. *Spellman,* 5 Denio, 225; *Peck* v. *Newton,* 46 Barb. 173.   The facts of this case do not admit a presumption that those under whom the plaintiff claims have received a conveyance from Mrs. Racey or her heirs, as trustees.   The plaintiff claims no other source of legal title than the trust-deed, and that this gave his grantors legal title under the clause, "on the further trust that the said party of the second part, and her heirs, shall, at the decease of the said Clarissa, convey the said lands," etc., "in fee-simple, to the children of the said Clarissa living at her decease, and the surviving children of such of them as may then be dead."   It may here be said that the last clause of the trust-deed is to be disregarded here.   It was a provision for the case of an event which now cannot occur.   This event was the death of Mrs. Curtis without leaving living children and grandchildren.   The provision on which the plaintiff rests as giving a legal title to his grantors in reality gives a power in trust.   It gives authority to the trustee to do what might be lawfully done by the grantor of the power; that is, to convey.   1 Rev. St. p. 732, § 73 *et seq.*   And in case of such a trust (section 59) the lands to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power.   As the trust has not been executed by conveyance as directed, Mrs. Curtis remained entitled in fee, and that fee was foreclosed in the foreclosure suit already referred to, and has been transmitted to the defendants under the master's deed.   It is also true that Mrs. Curtis' fee was subject to the estate of the trustee for the life of Mrs. Curtis.   The trustee was a party to the foreclosure.   This, however, does not affect the nature of the interest of the grantors of plaintiff.   It is not necessary to examine the cases which counsel for defendant have cited.   They apply the provisions of the Revised Statutes on the subject, which are so clear in expression that they do not call for construction.   It is proper to look at the cases on which the counsel for plaintiff relies.   The fundamental proposition made by plaintiff is that the trust in question is merely nominal, or is such a trust that equity will execute it by deeming the conveyance made, even although it has not

been made. As to this it must be said that the statute keeps the trust in existence as an express trust as completely as if it were an express trust of that kind in which the trustee validly becomes possessed of the fee, so far as the purposes of the trust require. Section 58. The statute declares that it is valid as a power in trust, and, if it is valid, it is to be executed in the manner that the grantor designates. Section 113 explicitly states that "no power can be executed, except by some instrument in writing, which would be sufficient in law to pass the estate or interest intended to pass under the power, if the person executing the power were the actual owner." It cannot be said that law or equity, in giving due consideration to the trust, can repeal the statute.

At common law the rule was the same, and the execution of a power implied the occurrence of the event or the doing of the act which is the condition of the springing into existence of the future use intended by the grantor. The *cestui que trust* takes no estate by the trust-deed, but he will have an estate according to the act done and appointment of the use. When that act is done, then, and not until then, is the rule to be applied that the appointment relates back to the deed of the grantor of the power. 4 Kent, Comm. (13th Ed.) 316; 2 Sugd. Powers, *23; *Duke of Marlborough* v. *Lord Godolphin*, 2 Ves. Sr. 61. The counsel for plaintiff cites *Downing* v. *Marshall*, 23 N. Y. 366, and *Dock Co.* v. *Stillman*, 30 N. Y. 174. It seems to me that they do not confirm the position of plaintiff. In the latter case, according to the opinions, there was declared a trust to sell lands for the benefit of one Smith and his associates, or to sell lands and divide the proceeds among Smith and his associates. The question was whether thereby Smith had a legal interest in the proceeds, the lands having been sold. Judge MULLIN said that the interest that Smith acquired under the trust "was an equitable title to enforce the execution of the power, and the sale of the lands for an account and distribution of the proceeds." Judge SELDEN said: "It is clear, therefore, that Smith had no title to the lands in question under section 47, as the beneficiary of the trust attempted to be created." Judge SELDEN had cited *Downing* v. *Marshall, supra*, for the purpose in following that case of saying that section 47 refers exclusively to a class of passive trusts, when the immediate possession and whole beneficial use of the land is given directly to the *cestui que trust*. In view of what is the exercise of a power, it cannot be said that, until that power is exercised, the *cestui que trust* has a right to immediate possession. In *Parks* v. *Parks*, 9 Paige, 107, I cannot find anything that is relevant to a trust which by the statute is valid as a power in trust; nor is *Nicoll* v. *Walworth*, 4 Denio, 385, to be applied to an existing, unexecuted power in trust, as it is substantially a case of a trustee whose only trust is to allow to others the possession and use of land. *Welch* v. *Allen*, 21 Wend. 147, was an action of ejectment. The plaintiff was the heir of one John Welch. Commissioners of the land-office, in pursuance of an act of the legislature, had issued a patent to T. in trust for John Welch, and his heirs and assigns, with a provision that T. should dispose of the land, and apply the proceeds to the support of John Welch and family, and, after his decease, pay the residue, if any there be, to his legal representatives. After the decease of John Welch certain of the lands remained unsold. As to these the plaintiff, heir of John, recovered in ejectment, on the ground that the trust to sell and pay the proceeds ceased with the death of John, and that then, as to the unsold land, T. was but a nominal trustee, the use being in the heir, and the Revised Statutes executed such a trust. In reality the document provision was a general trust to J. W. and his heirs. This would, if not varied, be a conveyance to the use of J. W. and his heirs, and the only modification of this was that something might be done by the trustee during the life of J. W., and at his decease his heir received the land under the provision of the general trust. The authority of this case is to a certain extent affected by an explanation of its statement of

facts in *Welch* v. *Silliman*, 2 Hill, 491. The cited case does not show that the trustee of a power to convey has not an active duty imposed upon him; that is, to convey. If such were not his duty, and if the law executed it, the result would be an estate at law; and then equity would not compel, as it has the right to compel, the execution of the power, for, being executed at law, equity would have no jurisdiction. In *Re Livingston*, 34 N. Y. 559, the conveyance was by William Winter to one Birdsall, as trustee, to receive the rents and profits, to the use of Winter during his natural life, and upon the death of Winter to assign, transfer, and convey, etc., in the manner following; that is to say, to the lawful issue of Winter living at the time of his death, according to the rules presented by the statute regulating the descent of real property, and, in case of Winter dying without leaving him surviving any such lawful issue, then upon the further trust to assign, transfer, and convey to his nephews now living.

There were here, if the views that have been given are right, an express trust for the life of William Winter, and for that the fee went to the trustee, and a valid power in trust, namely, the power to convey to the issue, in which case, if issue survived without William Winter having conveyed the fee, such issue would have the fee, and also be entitled to have the power executed, and also a valid power in trust to convey to nephews, if issue of Winter had not survived. In Winter's life-time, he not having issue, the nephews made petition for the removal of the trustee. The court finally held that they could not maintain such a proceeding, whatever was the nature of their interest. Before the court announced this, it passingly said that, as Winter had no children, "it may perhaps be assumed that the nephews in question take a vested remainder under our statute." The court then said: "So far as the deed creates a trust in Birdsall to receive the rents and profits, and apply them to the use of William Winter during his life, it is expressly authorized by statute. 1 Rev. St. p. 728, § 55. So far as it requires the trustee to assign or convey the legal estate to those who shall be entitled in remainder under the trust-deed, his services will be useless, as the transfer will be made, if at all, by operation of the statute of uses, and his office as trustee will then terminate. Id. p. 730, § 67."

It is not clear whether it was meant that the trustee's conveyance would be useless because the nephews were entitled in remainder, without the trustees executing the power, or that the trust-deed intended to give a remainder, and the execution of the conveyance was merely ceremonial. I think it was an inadvertence to say that the terms of the trust-deed gave a remainder or a use to the nephews. The whole estate, so far as it was necessary to accomplish the purposes of the trust, was given to the trustees, and not to the *cestuis que trustent;* and, so far as the trust existed as a valid power in trust, neither the trustee had any estate, or the nephews as *cestuis que trustent* had remainders, but the whole estate of inheritance was in William Winter, subject to the estate for his life in the trustees. At Winter's death, if it be supposed that the nephews would be his heirs, they would get the fee by inheritance, and not by the trust-deed. I am of opinion that, as an exact estimation of what the nephews took under the power in trust in the trust-deed was not necessary to the decision of the case, the remarks of the court were not intended for more than an assumption, favorable to the petitioners, as to their interests in the lands, with the result that, even on that assumption, they were not entitled to take proceeding in Winter's life-time. In *Williamson* v. *Field*, 2 Sandf. Ch. 617, it is said: "The direction that the trustees are to convey the property to the issue of Clarke living at his death in no manner affects the point. The issue would be deemed in equity as having the whole interest after the death of Clarke, without any regard to a conveyance of the legal title; and, the objects of the trust having been accomplished, the estate would now be held a legal estate in those entitled under the will. 1 Rev. St.

p. 727, §§ 47, 48; Id. p. 729, § 61." I do not proceed to examine this case particularly, for any inference from it that might be deemed favorable to plaintiff's position is opposed by the later case of *Anderson* v. *Mather*, 44 N. Y. 249, which specifically approved the opinion delivered in that case in the general term, (38 Barb. 473.) The trust was to pay the rents and profits to I. during her life, and, after her death, to convey to such of her children as should survive her. Both courts held that this trust was not executed as a legal estate in the surviving children, either by the Revised Statutes or the former statute of uses. It was considered that the duty to convey was an active duty, and the children were intended to take the uses through the conveyance. Nothing was said about a power in trust, but the decision really concerned such a power. I therefore think that the plaintiff had no legal interest in the land that entitled him to maintain ejectment. If he did not have a legal interest, it is not necessary to inquire if he had an interest of another kind, and then to ascertain its characteristics. This result makes it unnecessary to examine other questions made by the case. The plaintiff's exceptions should be overruled, and judgment entered on the verdict, with costs.

O'GORMAN, J., concurs.