knew was a violation of defendant's laws; that for so violating the defendant's laws charges were duly presented, and hearings were had upon said charges after due notice thereof had been given to plaintiff, and plaintiff was thereupon found guilty of the charges so made, and was fined as follows: January 7, 1889, the sum of $10; January 14, 1889, the sum of $25, leaving a balance unpaid on said fines of $50, making in all the sum of $75; that there is still an unpaid balance of $50 due on account of such fines; that defendant's laws provide for an appeal from the imposition of fines, and that defendant did not appeal; and that defendant is a member of the Bricklayers' & Masons' International Union of America, and is subject to its laws. The court filed the following conclusions of law: "(1) That the fines aggregating the sum $75 imposed upon the plaintiff by the defendant between January 7, 1889, and February 11, 1889, were duly and legally imposed; (2) that there remain due and unpaid to the defendant from the plaintiff the sum of $50 balance of said fines; (3) that before invoking the aid of this court the plaintiff must first exhaust the remedies provided for him by the defendant within the power of the defendant itself; (4) that the complaint of the plaintiff must be dismissed, with costs."

*Charles E. Brandt,* for plaintiff.   *Thomas E. Pearsall,* for defendant.

No opinion.  OSBORNE, J., directed judgment in favor of defendant dismissing the complaint on the merits, with costs.

---

TOWNSHEND *v.* LOEW *et al.*

(*Superior Court of New York City, General Term.* July 8, 1890.)

EJECTMENT—TITLE TO SUPPORT—POWERS IN TRUST.

> C. conveyed mortgaged property to R., her heirs, etc., in trust to receive the income, and apply it to the use of C. for life, and after her death to convey the property to C.'s children and grandchildren. *Held* that, under 1 Rev. St. N. Y. p. 729, § 59, providing that land to which a power in trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the power, R.'s power to convey not having been exercised, the legal title to the land passed to the purchaser at the sale under the mortgage during C.'s life, and C.'s children and grandchildren, after her death, had no such title as would support an action of ejectment. Following *Townshend* v. *Frommer,* 5 N. Y. Supp. 442.

Exceptions from jury term.

Action in ejectment by John Townshend against Edward V. Loew and others. A verdict was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before TRUAX and INGRAHAM, JJ.

*John Townshend,* plaintiff, *in pro. per.   John C. Shaw,* for defendants.

PER CURIAM.  The exceptions taken by the plaintiff are overruled, and judgment is ordered for the defendants on the verdict, on the authority of *Townshend* v. *Frommer,* 5 N. Y. Supp. 442, with costs.

---

TOWNSHEND *v.* McGUIRE *et al.*

(*Superior Court of New York City, General Term.* July 8, 1890.)

Exceptions from jury term.

Action in ejectment by John Townshend against Catherine J. McGuire and others. A verdict was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before TRUAX and INGRAHAM, JJ.

*John Townshend,* plaintiff, *in pro. per.   John C. Shaw,* for defendants.

PER CURIAM.  The exceptions taken by plaintiff are overruled, and judgment is ordered for the defendants on the verdict, on the authority of *Townshend* v. *Frommer,* 5 N. Y. Supp. 442, with costs.