CURTIS *et al. v.* MURPHY *et al.*

(*Superior Court of New York City, General Term.* November 3, 1890.)

EJECTMENT—TITLE TO SUPPORT—POWERS IN TRUST.

 C. conveyed mortgaged property to R., her heirs and assigns, in trust to receive the income and apply it to the use of C. during her life, and, at her death, to convey the land to the children of C. and the surviving children of such of them as should then be dead. *Held,* that, under 1 Rev. St. N. Y. p. 729, § 59, providing that land to which such a trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power, the children of C., during her life, had no estate in the land, but only a contingent equitable right, under the power in trust, and were not necessary parties to a suit for foreclosure of the mortgage; that the legal estate was in R. and C., and by the foreclosure, and a sale thereunder, to which C. and R. were parties, the legal title passed to the purchasers at the sale; that their title could not be divested by an execution of the power after the death of C.; and that plaintiffs, claiming under such alleged execution of the power, and under conveyances from the children of C., could not maintain ejectment.

Exceptions taken at a jury term, ordered to be heard in the first instance at the general term.

Action of ejectment by Clara Isabelle Curtis and others, children of Clarissa E. Curtis, against Ann Murphy and others. The land for which the action was brought was held in fee, in 1835, by one Wagstaff, who conveyed to one Diamond, taking from the latter a purchase-money mortgage. Through mesne conveyances subject to the mortgage, the land was conveyed to Clarissa E. Curtis; and, in 1837, she and her husband conveyed to Eliza Racey, her heirs and assigns, in trust that the latter and her heirs "shall receive the yearly income, rents, profits, and produce of the said lands and premises, and apply the same yearly during the natural life of the said Clarissa to the use of the said Clarissa," etc; "and on the further trust that the said party of the second part and her heirs shall, at the decease of the said Clarissa, convey the said lands, and every part of them, in fee-simple, to the children of the said Clarissa living at her decease, and the surviving children of such of them as may then be dead, in equal portions *per stirpes,* and not *per capita,*" etc. "And, in case of the death of the said Clarissa, leaving no child or grandchild her surviving, the said lands and premises shall belong to and vest, at her decease, in fee-simple, to her right heirs, to whom the said party of the second part and her heirs shall convey the same accordingly." In 1838, suit to foreclose the mortgage was brought by the holder by assignment thereof. Mrs. Curtis and her husband and Eliza Racey were made defendants in the suit, but the children of Mrs. Curtis then living were not made parties. A decree of foreclosure and sale of the whole property was made, and the land sold under it. Defendants derived title through mesne conveyances, under the purchasers at said sale. Plaintiffs claimed under said trust-deed and conveyances made in 1885 by the children of Mrs Curtis, and under a deed purporting to

be in execution of the power in trust made after the death of Mrs. Curtis in 1886, and a subsequent conveyance by the trustee and the children of Mrs. Curtis. At the trial the court directed a verdict for defendants, and ordered plaintiffs' exceptions to be heard in the first instance at the general term.

Argued before FREEDMAN and TRUAX, JJ.

*John Townshend,* for plaintiffs. *John F. Dillon,* for defendants.

FREEDMAN, J. This is an action of ejectment. At the trial the court directed a verdict for the defendants, and ordered plaintiffs' exceptions to be heard in the first instance at general term. In the case of *Townshend* v. *Frommer,* 5 N. Y. Supp. 442, in which, with an exception, to which reference will be shortly made, the facts were almost identical, it was held by the general term of this court that the children of Mrs. Curtis, at the time of the foreclosure suit, had no estate whatever in the lands in question, but only a contingent equitable right, under a power in trust, to call for the execution of the power, (the contingency being that they should survive their mother,) and that consequently they were not necessary parties to the foreclosure suit. In that case there was no evidence of any execution of the power in trust. The plaintiff in that case proceeded upon the theory that the children of Mrs. Curtis took an estate in remainder by the trust-deed, and this theory was pronounced untenable. In the case at bar the plaintiffs come with conveyances by way of an alleged execution of the power in trust, and upon them they ask this court to adjudge that such alleged execution of the power gives them an estate by virtue of which they can maintain this action of ejectment. This seems to be the only new element in the present case that was not in the case of *Townshend* v. *Frommer.* But I do not see how this new element can work the result claimed. The decision in the case last referred to established that, at the time of the commencement of the foreclosure suit, and the entry of the decree therein, the whole estate was in Mrs. Racey and in Mrs. Curtis,— in Mrs. Racey for life, and in Mrs. Curtis in fee in reversion; that Mrs. Racey and Mrs. Curtis, and the heirs of Mrs. Curtis, were barred by the decree in the foreclosure suit; that the whole legal estate passed to the purchasers at the master's sale; and that for these reasons the children of Mrs. Curtis, as the holders of a merely contingent right in equity, which did not give them an estate in the land, were not necessary parties. If that decision is correct, and its correctness must be assumed here, it follows that, at the time of the alleged execution of the power in trust, the defendants held the whole legal estate in the land, and still hold the same, under and by virtue of the superior and prior lien given by the mortgage, and the foreclosure and sale thereunder, and that therefore the estate of the defendants was neither divested nor subject to be divested by any alleged execution of the power in trust. If the children of Mrs. Curtis have any right left which can be asserted, it must be asserted in equity. They are in no position to maintain ejectment. The exceptions of the plaintiffs should be overruled, and their motion for a new trial denied, and judgment should be given for the defendants on the verdict, with costs.